UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDUL JALEEL MAHDI,<br><br>    Petitioner,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | *<br>*<br>*<br>*<br>*    Civil Action No. 1:23-cv-11905-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

April 30, 2024

TALWANI, D.J.

    Petitioner Abdul Jaleel Mahdi filed a Petition for a Writ of Habeas Corpus Under 28 U.S. Code § 2254 ("Petition") [Doc. No. 1] alleging unlawful detention and constitutional violations surrounding his 1968 indictment and conviction. Pending before the court is Respondent Department of Correction's ("DOC") Motion to Dismiss [Doc. No. 11]. For the reasons set forth below, the court lacks jurisdiction to consider this "second or successive" petition not authorized by the United States Court of Appeals for the First Circuit, and accordingly, the Motion to Dismiss [Doc. No. 11] is GRANTED.

**I.    Background**

    A.    *Petitioner's Convictions and Custody Status*

    Petitioner was convicted in Hampden County Superior Court of first-degree murder, assault with a deadly weapon, and two counts of armed robbery on May 28, 1968. Petition at 22-24 [Doc. No. 1]. He was sentenced to life imprisonment without the possibility of parole for the murder conviction and an 18-20 years concurrent sentence for the assault with a deadly weapon and armed robbery convictions, to run after the sentence on the murder conviction.

1

Commonwealth v. Mahdi, 388 Mass. 679, 448 N.E.2d 704 (1983); Respondent's Mem. of Law ISO the Motion to Dismiss ("Resp't Mem."), Ex. N. (Review Hearing Decision) [Doc. No. 11-14]. On April 8, 1983, the Massachusetts Supreme Judicial Court reversed the judgment and set aside Petitioner's convictions. 388 Mass. at 699. Petitioner was indicted again on March 15, 1984, based on the same underlying facts. Petition at 25 [Doc. No. 1]. Petitioner pled guilty to second degree murder, armed assault with intent to murder, and two counts of armed robbery, for which he received a life sentence with the possibility of parole and two concurrent sentences of 18-20 years. Review Hearing Decisions at 1-2 [Doc. No. 11-14].

Following a hearing on March 19, 2019, Petitioner's request for parole was denied. Review Hearing Decision [Doc. No. 11-14]. On April 16, 2020, Petitioner was released on medical parole. Id., Ex. O (Certificate of Parole) [Doc. No. 11-15].[1]

B.   *Prior Petitions*

Since being resentenced following his guilty plea, Petitioner has made several filings and appeals in Massachusetts state courts, none of which resulted in relief. See, e.g., Petition at 49-60 [Doc. No. 1]; Resp't Mem., Ex. D [Doc. No. 11-4]; Ex. E [Doc. No. 11-5]; Ex. G [Doc. No. 11-7]; Ex. H [Doc. No. 11-8]; Ex. J [Doc. No. 11-10]; Ex. K [Doc. No. 11-11] (non-exhaustive list).

Respondent has also identified two petitions filed by Petitioner in this court in the 1990s. The first petition ("1995 Petition") was dismissed on February 7, 1995. See Resp't Mem., Ex. U (Docket Sheet, Mahdi v. Duval, 1:95-cv-10209-REK) [Doc. No. 11-21] at Docket Entry 4. On March 30, 1995, the court entered a final order denying Petitioner's motion for a certificate of probable cause to appeal ("CPC"). Id. at Docket Entry 10-11. Petitioner's motions to vacate the

---

[1] Respondent correctly notes that Petitioner improperly named the Department of Corrections as Respondent where the Massachusetts Parole Board now has custody over him. Resp't Mem. at 1, n.1 [Doc. No. 12].

final order and seeking another CPC were both denied on May 8, 1995, id. at Docket Entry 17-18, and his June 8, 1995 appeal to the First Circuit was denied and the action terminated on June 29, 1995. Resp't Mem., Ex. V (Docket Sheet, Mahdi v. Duval, 95-1605) [Doc. No. 11-22].

On February 26, 1996, Petitioner filed a second petition for habeas corpus relief under § 2254. Id., Ex. W (Docket Sheet, Mahdi v. Marshall, 4:96-cv-40054-NMG) ("1996 Petition") [Doc. No. 11-23]. The 1996 Petition asserted five claims: "(1) the Indictment issued against him was fatally defective in that it was not properly signed as required by Massachusetts law; (2) the prosecutors committed fraud upon the trial courts by asserting that the charging instruments were 'True Bills of Indictment'; (3) the warrant of commitment was null and void on its face because it was not signed by the judge; (4) Petitioner's rights were violated in 1972 by his temporary transfer to prisons located outside of Massachusetts; and (5) the trial court did not have jurisdiction over his case because the charging instruments were missing the wafer seal of the court." Mahdi v. Marshall, 976 F. Supp. 93, 94-95 (D. Mass. 1997). The petition was dismissed on May 30, 1997. Id. at 94. Petitioner then requested a CPC, which was treated as a motion for certificate of appealability ("COA") by the court. Id.[2] Concluding Petitioner "failed 'to make a substantial showing of denial of a constitutional right' or of denial of any other federal right," the court denied the motion. Id. at 95.

Petitioner appealed to the First Circuit, on August 4, 1997. Resp't Mem., Ex. Y (Docket Sheet, Mahdi v. Marshall, 97-1866) [Doc. No. 11-25]. In denying Petitioner's request for a CPC to appeal the denial of habeas corpus relief, the First Circuit found that:

> Petitioner presents the identical claims he raised in the habeas petition he filed in 1995; these claims were rejected on the merits by the district court and by this

---

[2] The court explained that "Mahdi's petition for habeas corpus was filed before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to 28 U.S.C. § 2253 and thus before the COA prerequisite replaced the earlier CPC prerequisite." Id.

> court when we denied petitioner's request for a CPC. . . . In order for a court to reach the merits of petitioner's successive claims, then, he is required to establish cause and prejudice. See Sawyer v. Whitley, 505 U.S. 333, 338 (1992). As for cause, petitioner does not give any reasons -- such as new caselaw -- for again raising the same claims. Rather, he just avers that the claims are meritorious and have never been decided on the merits. However, this does not present cause since the claims were decided on the merits and were found to be lacking. Petitioner therefore also has failed to show any prejudice.

Id. The Second Petition was terminated on February 27, 1998. Id.

    C.    *The Instant Petition*

Petitioner filed the instant Petition [Doc. No. 1] on August 21, 2023, seeking relief on four grounds. First, Petitioner alleges fraud upon the court because the original grand jury indictment was not signed by the jury foreman. Id. at 7-8. Second, Petitioner alleges unlawful detention in state prison by court personnel acting without authority. Id. at 8. Next, he alleges that neither the commitment warrant nor the warrant to execute his sentence was properly authenticated. Id. Finally, Petitioner asserts he was improperly detained in state prison "in violation of statutory law." Id. at 9.

Prior to filing his Petition, Petitioner did not file a motion in the First Circuit, or any U.S. Court of Appeals, seeking permission to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A).

**II.**    **Discussion**

28 U.S.C. § 2244 limits the jurisdiction of both district and circuit courts to hear "second or successive" petitions for a writ of habeas corpus brought under 28 U.S.C. § 2254.

Before any second or successive petition is filed in district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" mechanism of § 2244(b)(3) serves to restrain abuse of the writ of habeas corpus, Felker v. Turpin, 518 U.S. 651, 652 (1996), and

"further the principles of comity, finality, and federalism." Panetti v. Quarterman, 551 U.S. 930, 945 (2007) (quoting Miller-El v. Cockrell, 537 U.S. 322, 337 (2003)). Petitioner concedes he did not file a motion in the First Circuit seeking permission to file a second or successive petition for writ of habeas corpus before filing the instant petition. Petition at 5 [Doc. No. 1]. Accordingly, this court lacks jurisdiction to entertain the Petition and Respondent's Motion [Doc. No. 11] must be granted.

Nor does it appear likely that Petitioner would be able to obtain an order from the First Circuit authorizing this district court to consider the application. 28 U.S.C. § 2244(b)(1) mandates that "[a] claim presented in a second or successive petition under section 2254 that was presented in a prior application shall be dismissed." Here, the grounds set forth in the Petition are substantively identical to the five allegations made in the Second Petition. See Mahdi v. Marshall, 976 F. Supp. at 94-95.

Petitioner argues that the Petition [Doc. No. 1] nonetheless is not second or successive "because [his] habeas corpus has never been fully adjudicated on its merits." Petitioner's Response to the D.O.C.'s Motion to Dismiss at 9-10 [Doc. No. 15]. Petitioner is correct that a seemingly duplicative petition is not considered to be second or successive "where the earlier petition [was] terminated without a judgment on the merits." Sustache-Rivera v. U.S., 221 F.3d 8, 12-13 (1st Cir. 2000) (internal citations omitted). But here, the First Circuit has explicitly concluded that the claims raised in the 1996 Petition were also raised in the 1995 Petition and were "rejected on the merits." Resp't Mem., Ex. Y [11-25].[3]

---

[3] Because the court lacks jurisdiction to consider the Petition, the court does not address Respondent's statute of limitations argument.

## III.     Conclusion

For the foregoing reasons, Respondent's <u>Motion to Dismiss</u> [Doc. No. 11] is GRANTED and Petitioner's <u>Petition for a Writ of Habeas Corpus</u> [Doc. No. 1] is DENIED.

IT IS SO ORDERED

April 30, 2024                                                                              /s/Indira Talwani
                                                                                                    United States District Judge